# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MIDWEST GENERATION EME, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 7189 |
| | ) | |
| v. | ) | Magistrate Judge Cole |
| | ) | |
| CONTINUUM CHEMICAL CORP., | ) | Judge Dow |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Presently pending before Judge Dow are the plaintiff's motions to confirm an arbitration award against the defendant in excess of $1 million and the defendant's motion to vacate the award based upon what is claimed to be the "evident partiality" of two of the arbitrators. [#11]. Paragraph 1 of the Counter Petition to Vacate alleged:

> There was "evident partiality" on the part of two of the three-member panel of arbitrators in the underlying arbitration proceedings that was the result of an improper business transaction between one of the arbitrators and a key expert witness for Midwest during the arbitration proceeding, and *while it was disclosed* and consent was sought by the AAA and Panel Member, Continuum had no practical choice but to consent to it. Further, there were substantial and non-trivial business/professional relationships between two of the arbitrators and the opposing counsel's law firm that were not disclosed by the arbitrators. These facts and relationships that should have been disclosed by the two arbitrators were only discovered by Continuum after the Award was entered. The non-disclosures were in breach of the AAA's applicable rules and Code of Ethics for Arbitrators in Commercial Disputes, as well as the Federal Arbitration Act and applicable law.

Paragraph 33 further alleged that the claimed conflict giving rise to the evident partiality was known before the award, but that the defendant felt it could not object without creating "'bad feelings'" between the Arbitrator and the defendant. It was claimed that it was placed in a "no-win

situation": by not objecting it ran the risk of the arbitrator favoring the party to whom a business opportunity had been presented; by objecting it ran the risk that the arbitrator would be angry and would rule improperly. One may argue whether this was truly a Scylla and Charybdis situation, but we may put that aside for now. Paragraphs 36 *et seq.* detail a claimed substantial, on-going business and professional relationship between a second arbitrator, his law firm of Bell, Boyd, and the opposing counsel's law firm of Schiff Hardin.

The defendant has sought to take what it calls limited discovery by deposition questions directed to the two arbitrators, who, it is claimed, manifested "evident partiality" under §10(a)(2) of the Federal Arbitration Act." (*Motion* at 1). In light of the requested discovery motion, Judge Dow has postponed the defendant's reply brief to the plaintiff's response to the defendant's counter-petition to vacate the arbitration award. Judge Dow referred that motion here for disposition on May 5, 2009. On May 5th, I entered an order setting a status on the defendant's discovery motion for May 11, 2009 at 8:30 a.m.

When the case was called at 8:50 a.m., counsel for the defendant did not appear. Nor did he call to say that either he could not appear or that he would be late. The motion contained no case authority or explanation of what the "evident partiality" consisted of, and thus was subject to the basic principle that skeletal and unsupport presentations are not to be considered and are waived. *See Kyles v. J.K. Guardian*, 2006 WL 2349438 (N.D.Ill. 2006)(collecting cases). That, coupled with the movant's failure to appear led me to deny the motion, as I explained to counsel for the plaintiff.

In response to questions regarding the content of the pleadings before Judge Dow, counsel for the plaintiff, no doubt in absolute good faith, also assured me that there were no explanations of what the claimed conflicts and partiality consisted of, and that in their view, the current motion was

2

an attempted "fishing expedition." Based on all of these considerations I denied the motion – although it may be noted that the "fishing expedition" argument I did not deem dispositive. First, "[w]e must think things, not words, or at least we must constantly translate our words into facts for which they stand, if we are to keep to the real and the true." Holmes, *Law and Science and Science and Law*, 12 Harv.L.Rev. 443, 460 (1889). And thus, affixing the label, "fishing expedition," to something does not eliminate the careful analysis that is often required. Second, as Judge Posner has recently reminded, it is not an adequate objection to invoke that shibboleth as a self-sufficing basis for decision. *Northwestern Memorial Hosp. v. Ashcroft*, 362 F.3d 923, 931 (7th Cir. 2004).

Further reflection, however, has led me to a different conclusion and requires some additional explanation. A review of the Petition to Vacate, which is explicitly referred to in paragraph 2 of the motion to take limited discovery, is not conclusory, but rather sets out detailed facts on which the claim of "evident partiality" is based. And so, the "skeletal argument" rule is not applicable here. Moreover, it appears that the question of discovery is inextricably bound up with the ultimate merits of the controversy before Judge Dow. For if, the defendant's volitional decision not to object to the participation of the arbitrator who had disclosed the claimed conflict constitutes a waiver, then by definition the discovery that is sought would not be relevant and ought not be allowed. Further, if the disclosed relationship of the second arbitrator is insufficient as a matter of law for a finding of evident partiality, the same considerations apply, and the discovery ought not to be permitted. On the question generally of "evident partiality" and post-arbitration discovery, *see UHL v. Komatsu Forklift Co.*, 512 F.3d 294 (6th Cir. 2008).

The Supreme Court has cautioned that the requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect

3

their power to restrict discovery where "justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense.... Rule 26(c). With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando,* 441 U.S. 153, 177 (1979). Failure to exercise that control results in enormous costs to the litigants and to the due administration of justice. *Cf. Bell Atlantic Corp. v. Twombly,* 530 U.S. 544 (2007); Frank Easterbrook, *Discovery as Abuse,* 69 B.U.L.Rev. 635 (1989).

The rub is that I have no authority – and ought not to decide – what is in essence a merits-based motion pending before Judge Dow. 28 U.S.C. §636. Of course, I have the authority to enter a Report and Recommendation. 28 U.S.C. §636(b)(1)(B). All of this leads me to conclude that the denial of the motion this morning should be reconsidered, and the parties should be allowed to express their views. I have instructed my courtroom deputy to inform counsel to be in court at 1:30 p.m. to discuss the case further.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 5/11/09